## London Guarantee & Accident Co. v. Leonard J. Mosness, for the use of Frank J. Schaub.

1.   GARNISHMENT—*Right of the Garnishee to Show that the Judg-
ment upon Which the Proceedings Are Founded Has Become Null and
Void.*—In garnishment, the judgment upon which the proceeding is
based is the very foundation of such proceedings; and it must appear, in
order to render a valid judgment against the garnishee, that at the time
of the rendition of the judgment in garnishment the judgment upon
which the proceeding is based was valid and existing, and it is com-
petent for the garnishee to show that the judgment in question has,
by valid proceedings, become null and void, pending such garnishment
proceedings.

2.   SAME—*Garnishee May Show in Defense that the Judgment upon
Which the Proceeding is Based is Null and Void.*—In a proceeding by

garnishment the garnishee has the right for his own protection to show the nullity of the judgment which is the basis of the garnishment proceeding.

3. SAME—*Pendency of Proceedings by, Does Not Affect the Power of the Court to Set Aside the Judgment upon Which the Proceeding is Based.*—A judgment by default is subject to vacation, and the mere pendency of proceedings by garnishment upon it does not affect the power of the court to vacate it, or the validity of the order vacating it.

4. PROPOSITIONS OF LAW—*Held by the Court upon Its Own Motion.*—Where the court of its own motion holds certain propositions to be law, such propositions are as subject to review as instructions given by the court on its own motion. Propositions and instructions held and given at the request of a party are the propositions or instructions of the court, equally with propositions held and instructions given by the court of its own motion.

**Garnishment Proceedings.**—Appeal from the Superior Court of Cook County; the Hon. MARCUS KAVANAGH, Judge, presiding. Heard in this court at the March term, 1901. Reversed. Opinion filed December 12, 1901.

**Statement.**—December 18, 1899, Frank J. Schaub filed an affidavit for garnishee process against appellant, on a judgment recovered by him against Leonard J. Mosness, December 6, 1899, for the sum of $302.96, on which judgment execution had been issued and had been returned "no property found." Summons was served on appellant as garnishee, interrogatories were filed and answered by appellant, a replication to the answers was filed, a jury was waived, and the cause was submitted to the court for trial. The court found the issues for appellee, and that appellee, for the use of Schaub, was entitled to judgment against appellant for the sum of $320.48, and judgment was rendered on said finding.

The original interrogatories were filed January 2, 1900, answers to which were filed January 8, 1900, stating, in substance, that at the time of service of the garnishee process on appellant, appellant had no property of any kind belonging to Leonard J. Mosness, or any rights, credits or effects of said Mosness in its charge, possession or custody, and was not, at any time, owing any money to said Mosness; that, at the time of service of said process, there was a judgment by default, in favor of Mosness against appel-

lant in the Circuit Court of Cook County, which, since service of said process, had been set aside, and that said judgment has not been paid, compromised or satisfied for any sum.

January 22, 1900, additional interrogatories were filed. To the additional interrogatories appellant, by A. W. Masters, its general manager, answered as follows:

"A. W. Masters, being first duly sworn, deposes and says in answer to the additional interrogatories propounded in the above cases, that on May 22, 1899, a default judgment was rendered against the London Guarantee and Accident Company for $500 in favor of Leonard J. Mosness; that on May 24, 1899, a motion was entered to open the default, and said motion was denied on July 27, 1899; that an appeal was thereupon taken by the defendant London Guarantee and Accident Company, to the Appellate Court; that after the appeal had been perfected it was dismissed by a stipulation entered into between the attorneys for both parties, and appellant made a motion by the stipulation to dismiss; that there was a stipulation made and entered into by and between the attorneys for both parties, to wit, the London Guarantee and Accident Company and Leonard J. Mosness, that said judgment be vacated and set aside; that said stipulation was duly filed in the Circuit Court; that there was also an order entered, giving leave to the defendant to file a plea instanter. This affiant further states that the said stipulation to set aside the default judgment is not in the files at the court house, and he is therefore unable to set out in full said stipulation, not having retained a copy thereof.

A. W. Masters,
General Manager London Guarantee and Accident Company, Limited, for the United States."

After the filing of a replication to the original and additional answers, the court, June 18, 1900, allowed appellant to file the following answer, the replication filed to stand as replication to same:

"F. J. Canty, being first duly sworn, deposes and says that he is the manager of the law department of the United States branch of the London Guarantee and Accident Company, Limited; that since the commencement of this proceeding in garnishment and since the answers of the defendant were filed this deponent has learned that the said Leonard J. Mosness, for whose use the above entitled pro-

ceedings are brought, has been, by the judgment of the United States District Court for the Northern District of Illinois, declared to be a bankrupt; that he has had full hearing, and on February 26, 1900, has been finally declared discharged by said court from all his indebtedness and from the payment of the judgment referred to in the above entitled proceedings upon which the same are based, and this defendant upon the trial of said action will bring into court the proceedings and judgment in bankruptcy in the case of Leonard J. Mosness, and urge the same as evidence in this case. Deponent further says that he did not learn until Monday, the 30th of April, that said Mosness had been discharged in bankruptcy.

F. J. CANTY.

Subscribed and sworn to before me this 30th day of April, A. D. 1890.

EDWARD W. HART,

[SEAL.]                               Notary Public."

Answer filed June 19, 1900.

It is recited in the bill of exceptions that it appeared from the evidence, without dispute, that Leonard J. Mosness did include in his schedules of creditors, as filed in the United States District Court, the above mentioned claim of the above mentioned Frank J. Schaub, giving name, residence, when contracted and where, and the nature and consideration, and the fact that it was in judgment, and also stating the amount of the claim and judgment. January 12, 1900, the court announced its decision in said cause orally in open court, and on the twenty-first day of January, 1901, and before the findings of the court were signed, the defendant moved the court, upon due notice to the plaintiff, to file the following additional and supplemental answer of the defendant:

"A. B. Melville, being duly sworn, says that he is the attorney for the defendant above named in this case, and its agent for the purpose of making this affidavit and answer. Deponent further says that John P. McGrath, one of the creditors of Leonard J. Mosness, a bankrupt, and the person above named, did on January 19, 1901, file a petition in the United States District Court, in the bankruptcy proceedings of said Leonard J. Mosness, number 2548, asking that the proceedings be opened, and that said Leonard J. Mos-

London Guarantee & Accident Co. v. Mosness.

ness be ordered to return as part of his assets the claim against the London Guarantee and Accident Company, Limited, which is mentioned in the garnishment proceedings herein. Deponent alleges that said matter has been referred to a referee and is now pending in the United States District Court for the Northern District of Illinois, U. S. A.

A. B. MELVILLE.

Subscribed and sworn to before me this 21st day of January, A. D. 1901.

EDWARD W. HART,

[SEAL.]                    Notary Public."

Which motion the court overruled. The defendant thereupon offered in evidence a certified copy of the order of the United States District Court, which offer the court overruled.

The order is as follows:

" In re Leonard J. Mosness, Bankrupt. 2548.

Now comes John P. McGrath, by his solicitors, and by leave of court files petition herein, praying that the proceedings in said matter be re-opened and the bankrupt required to include the claim of Leonard J. Mosness against the London Guarantee and Accident Company in his schedule as a part of his assets, and the court having heard the statements of counsel, it is ordered that said petition be, and the same hereby is, referred to Referee F. L. Wean, to hear, to take proofs, and report his conclusions and recommendations thereon to this court."

On motion made, this evidence was excluded.

No evidence appears in the bill of exceptions, except as above stated. The findings of the court were as follows:

" First. That on the 2d day of May, 1899, a judgment upon default was duly entered and made in the Circuit Court of Cook County, Illinois, in an action pending therein, Gen. No. 195,119, wherein said Leonard J. Mosness was plaintiff and said London Guarantee and Accident Company, Limited, was defendant, in favor of said plaintiff and against said defendant for the sum of $500 and costs; that a motion was made in the Circuit Court of Cook County, based upon affidavits, asking to set aside the judgment, upon default, and allow defendant to file plea, which motion was denied, from which judgment and order denying motion defendant appealed to the Appellate Court of the First District.

" Second. That on December 6, 1899, in an action pend-

ing in the Superior Court of Cook County, Illinois, Gen. No. 201,947, wherein Frank J. Schaub was plaintiff and said Leonard J. Mosness was defendant, a judgment was duly entered and made in favor of said plaintiff and against said defendant, for the sum of $302.96 and $10.75 costs, and that execution was duly issued thereon and returned *nulla bona* December 18, 1899.

"Third.    That after return of said execution and on the 18th day of December, 1899, suit in garnishment, wherein said Leonard J. Mosness, for the use of said Frank J. Schaub, was plaintiff, was commenced in this court, against said London Guarantee and Accident Company, Limited, as garnishee, interrogatories filed, answers and supplemental answers made and filed, to which replication was filed.

"Fourth.    That on the 2d day of January, 1900, on motion of said London Guarantee and Accident Company, Limited, appellant, its appeal from the judgment obtained against it by said Mosness for $500 was dismissed and the cause remanded to the said Circuit Court.

"Fifth.    That on the 2d day of January, 1900, a stipulation was filed in said suit, numbered 195,119, that the judgment rendered therein be vacated and leave granted defendant to file a plea instanter. This stipulation was made by the attorney of said Mosness and the attorney for said London Guarantee and Accident Company, Limited, on behalf of said parties, without knowledge, notice or consent of said Frank J. Schaub or his attorneys, and on the same day, January 2, 1900, an order was entered by the court on said stipulation vacating said judgment without knowledge, notice or consent of said Schaub or his attorneys; a plea was filed by said defendant and said cause is now pending.

"Sixth.    That on the 26th day of February, 1900, said Leonard J. Mosness obtained his discharge in bankruptcy in the United States District Court of the Northern District of Illinois, a voluntary petition in bankruptcy having been filed therein by him on December 23, 1899.

"Seventh.    That the said claim and judgment of Mosness against said London Guarantee and Accident Company, Limited, was not scheduled as an asset and no trustee was appointed in said bankruptcy proceedings.

"Eighth.    That said Schaub did not file his claim against Mosness in said bankruptcy proceedings."

The court held the following propositions as law :

"As a matter of law the court finds that upon the service

of the garnishee summons in said action said usee, Frank J. Schaub, acquired rights in and to the judgment garnisheed and referred to in the answers of said garnishee, and that the stipulation and order setting aside the default and vacating said judgment was ineffectual as to the rights and interests of said Frank J. Schaub, which attached to said judgment upon the service of the garnishee summons.

"That the discharge of Mosness in bankruptcy can not be availed of as a defense by the garnishee; that Mosness is the only one who can take the benefit of his discharge."

A. B. Melville and Frank J. Canty, attorneys for appellant.

Hiner & Waters, attorneys for appellee.

Mr. Justice Adams delivered the opinion of the court.

Section 67 of the national bankruptcy act of 1898, contains this provision:

67 f.  "That all levies, judgments, attachments, or other liens, obtained through legal proceedings against a person who is insolvent, at any time within four months prior to the filing of a petition in bankruptcy against him, shall be deemed null and void in case he is adjudged a bankrupt, and the property affected by the levy, judgment, attachment, or other lien, shall be deemed wholly discharged and released from the same, and shall pass to the trustee as a part of the estate of the bankrupt, unless the court shall, on due notice, order that the right under such levy, judgment, attachment, or other lien, shall be preserved for the benefit of the estate; and thereupon the same may pass to and shall be preserved by the trustee for the benefit of the estate as aforesaid.  And the court may order such conveyance as shall be necessary to carry the purposes of this section into effect; provided, that nothing herein contained shall have the effect to destroy or impair the title obtained by such levy, judgment, attachment, or other lien, of a *bona fide* purchaser for value, who shall have acquired the same without notice or reasonable cause for inquiry."

December 6, 1899, Schaub obtained his judgment against Mosness.  February 26, 1900, Mosness obtained his dis-charge in bankruptcy in the United States District Court for the Northern District of Illinois, on a petition filed

December 23, 1899. The judgment against Mosness having been recovered less than four months prior to the time of filing his petition in bankruptcy, and Schaub having obtained his discharge February 26, 1900, his judgment against Mosness is within the very words of the act, which declares that such a judgment "shall be deemed null and void, in case he is adjudged a bankrupt, and the property affected by the levy, judgment, attachment or other lien, shall be deemed wholly discharged and released from the same, and shall pass to the trustee as a part of the estate of the bankrupt," etc. There is no fact or circumstance apparent in the record to exempt the judgment in Schaub v. Mosness from the operation of the last quoted provision. Section 67, as to the nullity of judgments recovered within four months next preceding the filing of a petition in bankruptcy, in cases where the petitioner is discharged, requires no interpretation, and the federal courts have applied it in accordance with its plain meaning. In re Kenney, Circuit Court of Appeals, Second Circuit, 105 Fed. Rep. 897, the court states the facts and the question involved thus:

" The facts disclosed upon the papers, chronologically stated, are these: On March 6, 1899, Clark recovered judgment against Kenney in the State court for $20,906.66, and execution was issued on the same day. On March 15, 1899, the sheriff sold out defendant's stock of goods, which he had levied upon, for $12,451.09. On April 13, 1899, petition in involuntary bankruptcy was filed, and Kenney was adjudged a bankrupt on July 12th. The sheriff not having paid over the proceeds of the execution at the time petition was filed, he was temporarily enjoined from doing so, and subsequently, after a hearing in which Clark appeared, presented testimony and was heard, the order appealed from was made and entered. The question presented is, who is entitled to the $12,451.09—the trustee or the judgment creditor."

The court, after quoting the provision section 67 f *supra*, say:

" There can be no doubt that it was the intention of Congress by this section to prohibit creditors of a bankrupt from obtaining preferences over other creditors, as the result of any legal proceedings against him, during the period of

London Guarantee & Accident Co. v. Mosness.

four months prior to the filing of the petition; and apt words are used to express that intention. The property of the bankrupt is safeguarded against all such proceedings by the provision that such of them as would ordinarily be liens against such bankrupt shall be deemed null and void, and the property wholly discharged and released from the same. A broad and liberal construction of the section should be adopted if necessary to effect this intent, but no strained construction is necessary in the face of language so comprehensive. Applying it to the concrete case now before us we find that four months before petition the bankrupt had a stock of goods worth $12,000 or more. He did not sell them and, if nothing had happened, they would have been in his possession when his estate passed to the trustee, who might have realized the $12,000 from them to distribute among all the creditors. How has this amount disappeared? Because Clark obtained a judgment against the bankrupt, and the sheriff under such judgment made a levy, which removed the goods from the bankrupt's estate, and turned them, through sale, into money. But, under the provisions of the bankrupt act, the judgment and the levy are to be held null and void."

See also, In re Richards, 96 Fed. Rep. 935; Bear et al. v. Chase, 99 Ib. 920, and St. Cyr v. Daignault et al., 103 Ib. 854.

Counsel for appellee do not dispute the proposition that, by the act of Congress, the judgment in favor of Schaub against Mosness having been recovered within four months before filing the petition in bankruptcy, and Mosness having been discharged, was void but contend that appellant can not avail of the nullity of the judgment as a defense, that the privilege of setting up such defense is purely personal to the bankrupt. This proposition is untenable. Section 67 f of the bankrupt law provides that when a judgment shall be deemed null and void for reasons stated in the section, and which exist in the present case, that the property affected by the judgment shall pass to the trustee, as part of the estate of the bankrupt, " unless the court shall, on due notice, order that the right under such levy, judgment, attachment or other lien shall be preserved for the benefit of the estate." No such order appears in the record before us. The proceeding is garnishment on the

judgment in Schaub v. Mosness, under section 1 of chapter 62 of the statutes. That judgment is the very foundation of the proceeding, and it must appear, in order to render valid a judgment against the garnishee, that at the time of the rendition of such judgment the judgment in Schaub v. Mosness was a valid existing judgment. We therefore think that it was entirely competent for appellant to show that the judgment in Schaub v. Mosness had, by valid proceedings, become null and void, pending the garnishment proceedings.

In Bear v. Chase, *supra*, the question of the validity or nullity of certain attachment levies was raised by creditors of the bankrupt. The judgment being, by reason of the proceedings in bankruptcy, null and void, the judgment against appellant has nothing to rest on. In other words, when that judgment became void, the bottom dropped out of the garnishment proceeding.

Nothing can be more personal to a judgment debtor, who is the head of a family, than the exemption of certain of his property or wages from execution; yet the law is, that if one is garnisheed as being indebted to such judgment debtor, it is his duty to set up the exemption in his answer. C. & A. R. R. Co. v. Ragland, 84 Ill. 375.

We are of opinion that appellant had the right, for its own protection, to show the nullity of the judgment which is the basis of the garnishee proceeding. Suppose it had not done so, and had paid the judgment appealed from; would it be any defense in the pending suit against it by Mosness, that it had paid part of his claim on a judgment against it in a garnishment proceeding based on a void judgment? We think not, and that if appellant had not set up the nullity of the Schaub judgment, he might be compelled to pay the amount of that judgment twice.

We dissent from the proposition contended for by appellee's counsel and held to be law by the court, that the institution of the garnishment proceeding vested Schaub with an interest in the judgment by default in favor of Mosness and against appellant, and that the default could

not, thereafter, be set aside and a trial had on the merits, by the consent of the parties to the judgment, and without the consent of Schaub.    The judgment order contains a prayer for an appeal; an appeal was allowed and perfected, and it was entirely competent for the parties to the judgment to consent to a dismissal of the appeal, and, upon the cause being remanded, to a setting aside of the judgment by default.    That the court had power to set aside the judgment, by consent of the parties, can not be questioned.    Sheridan v. Chicago, 175 Ill. 421.

The judgment by default was subject to vacation, and the mere pendency of the garnishment proceeding, could not affect the court's power in the premises, or the validity of the order vacating the judgment.    Schaub had no interest in the judgment as such.    His sole interest was in its use as evidence, had not his judgment against Mosness been nullified by the proceedings in bankruptcy.    The latter judgment having been nullified by the bankruptcy proceedings, he could not have used the Mosness judgment as evidence had it remained in force.

Appellee's counsel suggest collusion and fraud between Mosness and appellant in the setting aside of the Mosness judgment, but there is no evidence in support of the suggestion.

It is contended by appellee's counsel that there are no questions of law presented by the record, because appellant did not present to the court any proposition to be held as law in the case.    We do not deem it necessary for such propositions to have been submitted to the trial court, in order to warrant us in passing on the question whether the facts proven entitle the plaintiff to recover.    In the present case, however, the court, of its own motion, held certain propositions to be law, and such propositions are as subject to review as are instructions given by the court of its own motion, in a trial by jury.    Propositions and instructions held and given at the request of a party, are the propositions or instructions of the court, equally with propositions held and instructions given, of the court's own motion.

Both of the propositions announced by the court as law were erroneous, for reasons hereinbefore stated.

We find no evidence in the record to sustain the finding that no trustee was appointed in the proceedings in bankruptcy, nor to support the finding that Schaub did not file his claim against Mosness in said proceedings. We do not, however, regard these findings as important in the decision of the appeal.

The judgment will be reversed.