## No. 11,718.

INDUSTRIAL MOTOR CO. *v.* DAVIS, ASSIGNEE, ET AL.

Decided February 28, 1927.     Rehearing denied March 21, 1927.

Garnishment proceeding under execution. Judgment against garnishee.

### *Affirmed.*

### *On Application for Supersedeas.*

1.   GARNISHMENT—*Judgment—Effect.* A garnishee summons was issued under execution while the judgment debtor's property was in the hands of an assignee for the benefit of his creditors. In proceedings for contempt against the execution creditor, the execution was quashed and judgment entered against the garnishee on its answer in favor of the judgment creditor, for the benefit of the assignee. Held, that all the interested parties being before the court, the judgment so entered was full protection to the garnishee against any future claim for the amount involved.

*Error to the District Court of the City and County of Denver, Hon. George F. Dunklee, Judge.*

Mr. B. C. Hilliard, Jr., for plaintiff in error.

No appearance for defendants in error.

*En Banc.*

Mr. Justice Campbell delivered the opinion of the court.

In 1922 Allen, one of the defendants in error, obtained a judgment against Fred R. Prockter in the Denver district court. In March 1926, Prockter made an assignment for the benefit of his creditors to the defendant in error Davis, who has since that time acted in the capacity of assignee, under the deed of assignment—the matter of assignment being in charge of, and pending in, the same Denver district court. Allen, the judgment creditor, knew of this assignment, but in disregard of the same, on August 2, 1926, his judgment remaining unpaid, he sued out an execution thereon and in aid thereof a garnishee summons was issued directed to the plaintiff in error, Industrial Motor Company, to which garnishee summons the Motor Company answered that it was indebted to Prockter in the sum of $435. Thereupon a contempt citation was issued to Allen, the judgment creditor, and his attorneys, Burdick and Moore, and upon a hearing of this citation the court made the following orders: That C. T. Allen, judgment creditor, do have and recover from the Motor Company, garnishee, the sum of $435, the amount in its possession according to its answer filed herein, which sum shall be paid into the registry of the court to be held for the use and benefit of A. C. Davis as assignee in the assignment proceeding of Prockter, judgment debtor: Also an order—

whether the same is part of the foregoing or a separate one is not clear—restraining the judgment creditor and his attorneys Burdick and Moore, and the sheriff of the City and County of Denver from interfering further with the duties of the assignee Davis, and restraining them from proceeding further concernnig the execution and garnishment, and from procuring or issuing further execution in the case. The court further ordered that the execution which Allen caused to be issued be quashed, and held to be of no effect whatsoever and the clerk of the district court, in which all of these matters are pending, was ordered forthwith to release any moneys or goods held by him under execution and garnishment to Davis, the assignee herein. Thereafter the Motor Company, plaintiff in error here, moved the court to vacate the judgment against it as garnishee, asserting that the quashing of the execution made void the garnishee summons in aid thereof. The Motor Company's motion was overruled and it is here seeking a review of the unfavorable judgment against it.

As indicated, the reliance of plaintiff in error for reversal is based upon the proposition that a garnishee summons in aid of an execution falls with the quashing of the execution; since a garnishment process is merely an incident of the execution. The plaintiff in error cites in support of its motion 28 C. J. p. 277, § 390; p. 398, § 626; *London Co. v. Mosness,* 98 Ill. App. 651; and *Atwood v. Tucker,* 26 N. D. 622, 145 N. W. 587, 51 L. R. A. (N. S.) 597. It will be observed from the foregoing statement that following the citation to the judgment creditor Allen, and his attorneys, the court's judgment was against the Industrial Motor Company in favor of the plaintiff Allen, and upon the garnishee proceedings in favor of the plaintiff and against it as the garnishee; and as the money seems to have been in the possession of the clerk, the court added a provision that that sum was to be paid into the registry of the court to be held for the use and benefit of Davis, assignee of the

judgment debtor. Had not this provision been inserted in the judgment, we might not be able to uphold it as against the objection of the garnishee. Apparently the only reason for suing out this writ of error by the garnishee was that, if it submitted to this judgment against it, Prockter, the insolvent, or his assignee, might at some future time proceed against plaintiff in error for not availing itself of a defense that it might have made to the adverse judgment against it. As all the parties interested were before the court, and are here also, and as Prockter is represented here by his assignee, who represents all of Prockter's creditors, and as the judgment below contained a clause that the $435, the amount of the judgment rendered in the garnishment proceedings against the garnishee is to be held for the use and benefit of the assignee, we think the garnishee is amply protected as against any future claim against it for the same sum by Prockter, the insolvent, or his assignee, who is the creditor of the garnishee Motor Company. Indeed, we think the object of this action by all of the parties concerned who have asked the court to determine this case upon the application for a supersedeas, was and is to obtain a ruling of the court that would serve as protection of the interests of all of them. The application for a supersedeas is, therefore, denied and the judgment affirmed.