### WARRANT OF ATTACHMENT.

Requisites of the warrant and of the affidavit therefor. Dis-junctive and collective averments.

GEORGE CHAMBERLAIN
v.
SPARHAWK HUTCHINS.
} In the District Court of Bon Homme County.

Motion to set aside the attachment in this action, and all proceedings taken by the plaintiff, or by the sheriff of Bon Homme county, etc. Under our Code of Civil Procedure, attachment is a remedy that has no existence independent of the action in which it is obtained. It is a provisional remedy

---

*NOTE —Afterwards, in the same case, a similar motion to quash the summons—, upon legal showing—was heard and determined by the same Judge, who denied the motion, maintaining that all such questions must properly be raised by answer.

in a civil action, arising first on contract for the recovery of money only, or in such other action as is prescribed by section 197.

A warrant of attachment must be obtained from the clerk of the court in which the action is brought; and such warrant must be attested in the name of the Judge, and must be sealed with the seal of the court. It can only issue upon affidavit, and such affidavit must state those facts necessary to confer jurisdiction. The seizure of a defendant's property before the plaintiff has established his right by a judgment, is a harsh proceeding, and to warrant it, a plain case should be made out, particularly as the *ex-parte* affidavit of the plaintiff is sufficient, if legally drawn, to support it.

To support the warrant, the affidavit must state what is required. (Section 199.) But great care must be taken here. It is ineffectual, if it be conglomerate. It must bring the case within *one* of the classes in which the Code allows an attachment. This is the general principle. If it is doubtful whether a defendant has departed from the Territory, or keeps himself concealed therein, with intent to defraud his creditors, an attachment may be granted if the plaintiff charge, in the disjunctive, that he has done one or the other. (*Van Alstyne v. Irwin*, 11 N. Y., Vol., 51.) For, as in case of departing debtors, a concealment with intent to defraud, or intent to avoid the service of summons, will justify the granting of the warrant.

What our Code has made essential to the acquirements of jurisdiction must not be omitted in the affidavit. This one is defective. It alleges " that the defendant is not now a resident of the Territory, but has left said Territory, and is about to move and is removing, or is trying to assign or secrete his property for the purpose of defeating and defrauding his creditors."

This is an obvious intent to embrace within the affidavit, all, or nearly all, of the classes, or subdivisions, enumerated in section 199. It alleges, for instance—a removing of property; but to what place ? That the defendant has removed, or is about to remove, all of his property " from the Territory," is an essential ingredient, under subdivision 3 of section 199.

To remove alone, or to remove from one county to another, is not sufficient. The averment must be a removal or a purpose to do so, "from the Territory."

· But this is not all the objections. This affidavit discloses no venue, although the entitling of an affidavit is not an indispensable part of it,—the Code of Civil Procedure, section 527, distinctly allowing the omission of it,—yet the better practice is to insert it.

The venue should be mentioned in every affidavit. It is one of the vital and essential parts of an affidavit, and it is *prima facia* evidence of the place where it was taken. In *Cook v. Staats*, 10 Barb., 407, it was held that an affidavit without a venue is a nullity, even though it be sworn to before an officer whose residence is mentioned in the jurat. The distinction between the title and the venue, is too plain to be discussed, and should be borne in mind by all practitioners. Of course, after the title, follows the venue, which states the county in which the affidavit is sworn to. (2 Barb. Ch. P.; 601 Abbott's Forms; Tillinghast & Sh's Practice; Wait's Practice), etc.

The warrant of attachment does not comply with the requirements. It is not attached in the name of the Judge. (See § 197.) Again, it does not run in the Territory of Dakota. (See § 16, of Code of Civ. Proc.) It commands the sheriff in the name of the clerk, and of the attorney for the plaintiff. Moreover, it ignores the requisites of a warrant, as already set forth in section 201.

I do not now decide what, if any, of these last named defects may be amendable. For, although due notice of this motion has been given, yet no one appears in opposition, or asks for any privilege of amendment.

And now, July 21st, 1877, after hearing the Messrs. Gamble, for said motion—no one appearing against the same,—and on consideration: ordered, that the said motion be and the same is granted; and the said attachment, and all proceedings thereunder, are set aside at the costs of the plaintiff.

P. C. SHANNON,
Judge.