RHODE ISLAND HOSPITAL TRUST COMPANY, as Executor and Trustee of the estate of GEORGE H. BROWN, deceased, Plaintiff and Respondent, *v.* ANDREW J. KEENEY, Defendant and Appellant.

**1. Attachment—Summons Must be Served Within Thirty Days.**

Unless the summons in an action is served in the manner prescribed by law within 30 days after the issue of a warrant of attachment, the writ becomes void, and will be set aside on motion.

**2. Personal Service of Summons Without the State.**

The summons and complaint mailed to the defendant were taken from the postoffice by defendant's husband, and delivered to her in a sealed envelope. *Held*, not personal service, within the meaning of the statute permitting personal service without the state as a substitute for publication and deposit in the postoffice.

(Opinion Filed February 2, 1891.)

*A*PPEAL from district court, Cass county; HON. WILLIAM B. MCCONNELL, Judge.

S. G. Roberts, (Benton & Amidon, of counsel,) for appellant: The statute providing for service on defendant not in the state must be strictly followed. Forbes v. Hyde, 31 Cal. 351; Beach v. Beach, 43 N. W. 702; Barber v. Morris, 33 id. 560. Wortman v. Wortman, 7 Abb. Pr. 72.

Messrs. Ball and Smith for respondent: The statute must be strictly followed but should be liberally construed. See 2129 Civil Code. The statute is silent as to the manner in which personal service out of the state shall be made, and in this case

the receipt of the summons is admitted. Under such circumstances there is no reason for holding the service void because made by a co-defendant. Cheeney v. Harding, 32 N. W. 64; Hanna v. Barrett, 18 Pac. 497; Johnson v. McCoy, 9 S. E. 87.

CORLISS, C. J. Under § 5011 of the Compiled Laws, appellant, by motion, assailed the attachment issued against the defendant's property herein, having purchased the same subsequently to the levy of the warrant, founding his motion upon the alleged legal death of the writ. He urged that the summons had not been served within thirty days after the warrant was issued, and that under the express provisions of the statute the attachment fell. Having failed in his motion, he has taken this appeal. The mere issue of a summons confers upon the court jurisdiction to issue a writ of attachment, provided proper affidavit and undertaking are filed. For the special purpose of obtaining and levying such a writ, the action is deemed pending from the time the summons is issued. The court's jurisdiction, however, is conditional. Personal service of the summons must be made, or publication thereof must be commenced within thirty days after the issue of the writ, to preserve its life. Section 4993, Comp. Laws. Such service is a condition precedent to the preservation of such jurisdiction. Taylor v. Troncoso, 76 N. Y. 599; Mojarrieta v. Saenz, 80 N. Y. 658; Blossom v. Estes, 84 N. Y. 615; Millar v. Babcock, 29 Mich. 526. For the purpose of the issue and levy of an attachment, the action is deemed pending from the time the summons is issued, provided the summons is served personally or constructively within thirty days. Within thirty days of what particular period is not stated, but we are clear that such period is the date of the issue of the writ. This view is sustained by the decisions of New York, where the same provision is found. Taylor v. Troncoso, 76 N. Y. 599; Mojarrieta v. Saenz, 80 N. Y. 658; Blossom v. Estes, 84 N. Y. 615; Gribbon v. Freel, 93 N. Y. 93. No personal service was made within the state, nor was the summons published; but the summons and complaint were mailed to the defendant, directed to her at her place of residence without the state, and the sealed envelope containing them was handed to her by her husband, who took the mail from the postoffice.

This was not personal service of the summons without the state, within the meaning of the statute, which permits such service as a substitute for publication and deposit in the postoffice. It was not personal service in any sense. It was but the completion of the transportation of the envelope and its contents by mail. Her husband did not pretend to, nor did he in fact, serve upon her any paper. He merely brought her her mail. The sealed envelope might with no different effect upon her rights have been handed to her by a letter carrier, or by some one at the postoffice. It was not contended that the papers were personally served upon defendant, in the strict sense of the term. But it was urged that the statute providing for such service did not contemplate the same kind of service as is requisite where a personal judgment is sought to be obtained against a defendant by service of a summons within the state; that the main, and only important, purpose of the statute was to give the defendant notice of a suit in which jurisdiction of his property had already been secured by the issuance and levy of an attachment; and that the receipt of the summons and complaint by mail gave her such notice. In short, it is contended that jurisdiction is not obtained by the service without the state, but by the levy of the attachment antedating service.

This view is based on an erroneous conception of proceedings by attachment. They are not, strictly speaking, proceedings *in rem.* Such proceedings are simply against specific property, or interests therein. No person is named in the proceeding as a party. The whole world is bound. The seizure is notice. It confers jurisdiction. No other prerequisite to jurisdiction is prescribed. Under our system the seizure of the property does not confer absolute jurisdiction. That jurisdiction is conditional. It will be defeated by failure to comply with a jurisdictional condition subsequent. Had the statute required publication of the summons, or its equivalent — personal service without the state — as a condition precedent to jurisdiction over property seized, where there had been seizure of property under attachment, it would not be seriously urged that that condition must not be strictly complied with. It cannot alter the rule that such service is essential to preservation of a qualified juris-

diction which has already attached. It is not the case of a mere irregularity in procedure, not jurisdictional in its character. It is the omission to comply with a condition subsequent, jurisdictional in its nature, by the very terms of the statute. Whatever is essential to the perpetuation of temporary and conditional jurisdiction must be regarded with as strict an eye by the courts as though it were a condition precedent to the vesting of any jurisdition at all. See Steere v. Vanderberg, 35 N. W. Rep. (Mich.) 110; Barber v. Morris, 33 N. W. Rep. (Minn.) 560. The view of respondent's counsel would lead to serious trouble. The statute provides that personal service of the summons without the state is equivalent to publication and deposit. This phrase, "personal service," must have the same meaning in all cases where such service is made. There cannot be one rule of construction where property has been attached, and another rule where the suit is instituted to settle a non-resident's claim to real property within this state, or for the purpose of foreclosing his equity of redemption in real estate situated therein.

According to this view of respondent's counsel, all that is needed is notice to the defendant in such cases. If only notice is requisite where property is attached, no more is necessary in other cases where the courts are authorized to hear and determine the rights of non-residents upon constructive service of process. In such cases jurisdiction is acquired if the defendant has reasonable notice of the proceedings. This is the effect of respondent's claim. If the manner of giving that notice may be dispensed with under a loose and so-called equitable construction of the statute, why not substitute the view of the court for the explicit language of the provision requiring the summons to be served or published within thirty days? Why not adjudge that all that is required is that plaintiff should proceed with reasonable diligence, and that forty days would be in time? The truth is that we have no right to speculate about the wisdom of or reason for jurisdictional prerequisites. There must be some precedure to confer jurisdiction. The character of it is a legislative question, subject, of course, to the requirements and prohibitions of the constitution; and no court may upon any supposed reason, or to give effect to any suppose spirit of the

statute, ignore its explicit and peremptory provisions. It is a safe rule that in taking jurisdictional steps the commands of the law must be strictly obeyed. The phrase "personal service" has a clear meaning, and when employed to designate the manner of service without the state, it should have the same significance as when used to prescribe the mode of service within the state. The summons was not served in any manner within thirty days after the issue of the attachment, and the writ fell for want of legal support. Nor did defendant's subsequent appearance revive it. Blossom v. Estes, 84 N. Y. 615. The order sustaining the attachment is reversed, and the district court is directed to set aside the attachment and all proceedings thereunder. All concur.

WALLIN J., being disqualified, did not sit; Judge TEMPLETON, of the first judicial district, sitting in his place.