DANIEL G. RUBY V. JESSE E. PIERCE ET AL.

FILED OCTOBER 19, 1905. No. 13,931.

Judgment: PROCESS: SERVICE. An officer's return to a summons, showing service by leaving at the "last" usual place of residence of the defendant, does not show a compliance with the statute authorizing service by leaving a copy at the usual residence of the defendant, and a judgment based thereon is void for want of jurisdiction.

ERROR to the district court for Gage county: WILLIAM H. KELLIGAR, JUDGE. *Reversed.*

*L. W. Colby,* for plaintiff in error.

*Hazlett & Jack, contra.*

ALBERT, C.

This action was for the recovery of damages for breach of warranty in the sale of an animal for breeding purposes. A summons duly issued, and the officer's return

thereto is as follows: "April 10, 1903, Summons returned, indorsed: Received this writ on the 31st day of March, A. D. 1903, and on the 9th day of April, A. D. 1903, after diligent search, and being unable to find the within named D. G. Ruby in Gage county, I left a true and certified copy of the within summons at his last usual place of residence of the said D. G. Ruby. All done in Gage county, Nebraska. Witness my hand this 10th day of April, A. D. 1903. Fees, 85c. W. A. Waddington, Sheriff, By V. E. McGirr, Deputy."

The defendant made no appearance, and judgment by default was taken by the plaintiffs. Afterwards, at the same term, the defendant entered a special appearance, objecting to the jurisdiction of the court. These objections were overruled, and the defendant brings the record here for review on error.

It will be observed that the return to the summons does not show actual service on the defendant, but that service was made, or attempted, by leaving a copy of the writ at his "last" usual place of residence. In our opinion, the service is not merely irregular, but absolutely void. The statute permits service by leaving a copy of the summons "at the usual place of residence" of the defendant. Code, sec. 69. His usual place of residence is his place of abode at the time of service. *Blodgett v. Utley,* 4 Neb. 25; *Seymour v. Street,* 5 Neb. 88. "The words 'residence' and 'usual place of residence,' as employed in statutes, are generally synonymous with the term 'domicile,' hence the residence essential to confer jurisdiction is a legal one equivalent to the domicile of the defendant. The domicile of a defendant is that place where he has his fixed and permanent home, and to which, when absent, he has the intention of returning." *Wood v. Roeder,* 45 Neb. 311. It is clear that such home must be his present home, as distinguished from a past or prospective home. In the return of the sheriff the phrase "usual place of residence" is qualified by the word "last." It will be presumed that in making this qualification the officer acted advisedly. The

return as thus qualified conveys the thought, not that a copy of the writ was left at the present residence of the defendant, but at some place at which the defendant had formerly resided or made his home. *Madison County Bank v. Suman,* 79 Mo. 527. It seems to us that the qualifying word as used in the return serves no purpose; save to distinguish between a past and present place of abode.

It is urged that all presumptions are in favor of the action of the trial court, and that its proceedings should be liberally construed according to our code. The office of the liberal spirit which pervades the code is to insure a speedy hearing on the merits, and to that end to ignore purely technical omissions not affecting the substantial rights of the parties. But the right of a party to his day in court and to an opportunity to be heard are substantial rights, and where, as in this case, instead of actual personal service, the plaintiff relies on a substitute therefor of doubtful sufficiency to apprise the defendant of the pendency of the suit, it is not an application of any technical rule to hold that such substituted service, to be valid, must be made in the manner prescribed by statute. Such service, at best, is calculated to work hardship and injustice. The statute authorizing it can be justified only on the ground of necessity, and should not be extended beyond the plain import of its terms, nor to cases where the language of the return is doubtful or ambiguous.

It is recommended that the judgment of the district court be reversed and the cause remanded for further proceedings according to law.

DUFFIE and JACKSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for further proceedings according to law.

REVERSED.