King, J.,
delivered the opinion of the court.
Action by Charles E. Gibson, appellee, in the nature of ejectment to recover possession (1) of the northeast quarter of section 11, (2) the south half of the southwest quarter, and the. south half of the southeast quarter, of section 8, all in township 5 north, range 46 west, in Yuma county, Colorado.
Appellant’s answer consisted of four separate defenses: (1) a general denial; (2) as to the south half of the southwest quarter, section 8, aforesaid, an allegation of ownership in fee simple and right to' possession under certain treasurer’s deeds issued upon tax sales, and judgment and decree of the county court of Yuma county quieting title in a proceeding wherein appellant was plaintiff, and one Henry A. Bartholomew was defendant; (3) same allegations as to the south half of the southeast quarter of section 8, as alleged in the second defense; (4) as to the northeast quarter of section 11, aforesaid, an allegation of ownership in fee simple and right to possession under certain treasurer’s tax deeds, *346 and judgment of the county court of Yuma county quieting title, in an action wherein appellant was plaintiff, and Charles A. Thompson and others were defendants; also a certain correction tax deed. The replication pr in issue the title under the tax deeds, and the decrees, alleging the tax deeds to be void on the face thereof, denying the due making and entry of said decrees, and alleging that they were void.
Plaintiff deraigned title from the patentee, and such title is not disputed, except as it is claimed to have been divested by appellant’s treasurer’s tax deeds, and by the decrees quieting title. Each and every of the tax deeds offered was void on its face, for either or all of the following reasons: That it appeared that several non-contiguous tracts of land were sold en masse for a gross sum, or, that the certificate of sale issued to the county was assigned by the county clerk more than three years after the date of issuance, or, failed to show that such lands were offered from day to day until the last day of the sale. '
As to the northeast quarter of section 11, defendant offered in evidence “exhibit ‘4,’'’ a decree of the county court of Yuma county quieting title in the defendant, dated July 10th, 2902, in an action then pending wherein The Empire Eanch & Cattle Company was plaintiff and Charles A. Thompson and others were defendants. The judgment roll in said cause was not offered in evidence, and plaintiff’s objection to the offer of the decree, as incompetent for the reason that no foundation had been made for the offer by first introducing the judgment roll, was sustained, and the decree excluded as evidence. Inasmuch as this decree was offered as an estoppel and to establish title in the defendant, it wa.s not admissible when unaccompanied by the judgment roll showing the service of process on which the court acquired jurisdiction. —McLaughlin v. Reichenbach, 122 Pac. (Colo.), 47; *347 Empire Ranch & Cattle Co. v. Gibson, No, 3482, and Terry v. Gibson, ante 273.
As to the south half of the, southwest quarter and ■ the south half of the southeast quarter of section 8, defendant offered in evidence exhibits 7 and 8, being decrees of the county court of Yuma county quieting title to the lands in question in The Empire Banch & Cattle Company. Objection was made on the ground that said decrees were immaterial, irrelevant and incompetent,.and for the specific reason that the evidence shows that plaintiff claims title through Harry S. Bartholomew, and the decrees offered were against Henry A. Bartholomew. Defendant then offered the judgment roll in case No. 464 of said county court, as exhibit 9. This was objected to as incompetent for the specific reason that the affidavit made to secure publication of summons, and- appearing in the roll, neither stated the postoffi.ee address of the defendant, nor that such address was unknown. The objections were sustained and the decrees and judgment roll excluded. An examination of the judgment roll offered shows that the decree was against Henry A. Bartholomew, that the complaint was against Harry S. Bartholomew, that the summons was directed to Henry S. Bartholomew and returned not served. The affidavit for publication of summons gave the name of the defendant as Henry S. Bartholomew, failed to state the postoffice address, or that such address was unknown. In view of the void affidavit, if the judgment roll had been admitted, the decree quieting title must have been held void upon the authority of Empire Ranch & Cattle Co. v. Coldren, 51 Colo., 115. And for the same reason the judgment roll was properly held inadmissible, because incompetent and insufficient to support the decree; and the decree, unsupported by a sufficient judgment roll showing jurisdiction, was also properly excluded. Appellant could not have been prejudiced by the exclusion of the judgment *348 roll, because, whether admitted or excluded, the effect was the same. The judgment being void for lack of jurisdiction of the parties, it will be unnecessary to determine the question raised as to the variance in the given name and the middle initial of the defendant, Bartholomew.
The decree of the court should be so modified as to confine the effect of annulling the tax deeds to the parcels of land herein in controversy, and the trial court is directed to make such modification upon motion of appellant. As modified the judgment is affirmed.