CHICAGO, LAKE SHORE AND SOUTH BEND RAILWAY
COMPANY *v.* SANDERS.

[No. 9,693.   Filed January 31, 1917.]

1. APPEAL.— *Motion to Dismiss.— Rules of Court.— Substantial Compliance.*—Under Rule 7 of the Appellate Court requiring ten days' notice of a motion to dismiss an appeal and under Rule 14 providing that motions, except such general motions as are made in court upon the call of the docket, shall be filed with the clerk, accompanied by such affidavits and briefs as are necessary to support them, where appellee, on December 30, 1916, served notice on appellant that on January 16, 1917, he would file a motion to dismiss the appeal for insufficiency of the service of appellant's notice thereof, appellant being furnished a copy of the motion, and such motion and briefs thereon were filed on January 15, 1917, appellee substantially complied with the rules of court and the question of the sufficiency of the service of the notice of appeal was presented for determination. p. 588.

2. APPEAL.—*Notice of Appeal.—Service.—Proof.—Statutes.*—Under §681 Burns 1914, §640 R. S. 1881, providing that an appeal may be taken by the service of a notice in writing on the adverse party, or his attorney and also on the clerk of the court, and §504 Burns 1914, §481 R. S. 1881, providing that proof of service of any notice required to be served upon any party, when made by a person other than the sheriff, shall be by affidavit or by the written admission of the party served and requires such proof to show the time and place of service of notice, service of notice of an appeal cannot be made by depositing such notice in the mail, registered and addressed to appellee's attorney, since service of notice, unless otherwise provided by law, means personal service of the individual in such a way that the party who makes the service may be in a position to make proof thereof in court. p. 588.

3. APPEAL.—*Failure to Perfect Appeal.—Dismissal.—Rules of Court.*—Where a case has been on the docket of the Appellate Court more than ninety days and no steps have been taken to perfect the appeal, except to make an insufficient service of notice thereof, the appeal will be dismissed under Rule 36 of the Appellate Court relating to dismissal of causes. p. 589.

From Porter Circuit Court; *H. H. Loring,* Judge.

Action by Wilfred H. Sanders against The Chicago, Lake Shore and South Bend Railway Company. From a judg-

ment for plaintiff, the defendant appeals, and plaintiff moves to dismiss the appeal. *Appeal dismissed.*

*F. J. Lewis Meyer* and *B. F. Parks,* for appellant.
*George E. Hershman,* for appellee.

FELT, C. J.—Appellee by his attorney has entered a special appearance and moved to dismiss this appeal for the alleged reason that the court has not acquired jurisdiction over him.

In his motion it is alleged that appellant did not serve appellee or his attorney with notice of the appeal as provided by §681 Burns 1914, §640 R. S. 1881; that the only information of the proposed appeal obtained by him prior to the filing of the transcript on July 21, 1916, was from a registered letter which appellant's attorney sent to George E. Hershman, appellee's attorney, containing a "purported notice of appeal"; that said letter came to Crown Point, Indiana, the home of said Hershman, on July 19, 1916, when he was absent from the town, and was taken from the post office by his stenographer, who signed the usual receipt for a registered letter. The motion to dismiss contains a copy of the letter and of the notice of appeal enclosed with the letter. It is not contended that the notice is insufficient in form or substance, but that it was not served as contemplated by the statute and is insufficient to give the court jurisdiction over appellee or to authorize a consideration of the appeal on its merits.

Appellant contends that appellee has not complied with the rules of the court in presenting his briefs on the motion, and that inasmuch as it appears that appellee's attorney actually obtained possession of the notice of appeal in due time, the manner of the service is immaterial and the notice is sufficient.

On December 30, 1916, appellant was duly served with notice that on January 16, 1917, appellee would file a motion

to dismiss this appeal and was furnished a copy of the motion. Appellee's motion and briefs thereon were filed on January 15, 1917. Rule No. 7 requires ten days' notice unless otherwise provided, and Rule No. 14 provides that: "Motions, except such general motions as are made in court upon the call of the docket, shall be filed with the clerk, accompanied by such affidavits and briefs as are necessary to support them." Appellee has substantially complied with the rules and the question of the sufficiency of the service of the notice of appeal is duly presented for our determination.

Section 681 Burns 1914, *supra*, provides that: "An appeal may be taken by the service of a notice in writing on the adverse party or his attorney, and also on the clerk of the court." Section 504 Burns 1914, §481 R. S. 1881, provides that proof of the service of any notice required to be served upon any party, when made by a person other than the sheriff, shall be by affidavit, or by the written admission of the party served, and requires such proof to show the time and place of service.

These statutes contemplate that the person, making the service of notice, whether an official or a nonofficial, shall be in a position to definitely inform the court, either by official certificate or by affidavit, that the party was actually served with notice, in compliance with the rule, order or statute in pursuance of which the notice was issued. Service of notice has a definite meaning and unless otherwise provided by law means personal service of the individual in such way that the party who makes the service may be in a position to make due proof thereof to the court, and in this state the statute, *supra*, seems clear and explicit as to the proof that is sufficient. "Service" has been defined as "the delivery or communication of a pleading, notice or other paper in a suit, to the opposite party, so as to charge him with the receipt of it, and subject him to its legal effect." Burrill, Law Dictionary; 35 Cyc 1432. Unless provided

by statute service of notice of an appeal, or similar process, cannot be made by depositing such notice in the mail duly addressed to the party upon whom service of the notice is sought to be made. Some states have statutes which authorize certain notices to be given by mail, but even in such states parties relying upon the mails have been held to a strict compliance with the statute to make such service of notice sufficient. We have no such statute. The exact question presented by this motion does not seem to have been decided in this state, but the decisions in other jurisdictions and our statutes as far as applicable clearly indicate that the service of the notice of appeal relied upon in this case is unwarranted and insufficient to invoke the jurisdiction of the court further than to determine its want of jurisdiction. As supporting our conclusion see the following: 35 Cyc 1432; 7 Words and Phrases 6432; *Rhode Island, etc., Co.* v. *Keeney* (1891), 1 N. D. 411, 48 N. W. 341; *Rathbun* v. *Acker* (1854), 18 Barb. 393, 395; *McDermott* v. *Board, etc.* (1857), 25 Barb. 635, 647; *Thompson* v. *Brannan* (1888), 76 Cal. 618, 18 Pac. 783; *Marcele* v. *Saltzmàn* (1884), 66 How. Prac. (N. Y.) 205; *Goggs* v. *Huntingtower* (1844), 12 Meeson & Welsby's 502; *Griffin* v. *Board, etc.* (1905), 20 S. D. 142, 104 N. W. 1117.

The case has been upon the docket of this court since July 21, 1916, and no steps have been taken to perfect the appeal except as above indicated. More than ninety days have elapsed and, under Rule 36, the appeal should be dismissed. Appeal dismissed.

NOTE.—Reported in 114 N. E. 986. Notice of appeal, what parties entitled to, 13 Ann. Cas. 181; 21 Ann. Cas. 1277. See under (1) 3 Cyc 193; 4 C. J. 593, 594; (2) 2 Cyc 871; 3 C. J. 1235.