HARBERT *v.* SHAW ET AL.

[No. 15,617.   Filed January 9, 1936.]

*Lockyear & Lockyear* and *W. E. Hart,* for appellant.

*Roscoe Kiper,* for appellees.

CURTIS, C. J.—This is an attempted vacation appeal from an award of the full Industrial Board of Indiana made on the 25th day of September, 1935.

On October 17, 1935, the transcript and assignment of errors were filed in the office of the clerk of this court. The clerk's records as of that date show a submission as required by law.

Under date of November 26, 1935, the appellees each entered a special appearance for the purpose of filing a motion to dismiss the appeal for alleged failure of the appellant to give either the appellees or their attorney notice of appeal. The appellant resists the motion to

dismiss the appeal and shows that she gave the appellees' attorney what she contends is a sufficient notice of the appeal. Her showing in that respect is set forth in the separate affidavits of her two attorneys. We give full faith to each of the said affidavits. They show that on the 28th day of September, 1935, one of her said attorneys deposited in the United States Post Office at Indianapolis, Indiana, an envelope securely sealed addressed to the attorney for the appellees at his address at Boonville, Indiana, which envelope contained a copy of a letter her said attorney had written to her other attorney who was associate counsel with him for her. This letter informed the latter named attorney that her first said attorney had filed, on September 25, 1935, a praecipe with the Industrial Board of Indiana for a transcript of the record in connection with the instant case and also contained the information that he was sending a copy of the said letter to the appellees' attorney "in order that he may know you are taking this appeal." A copy of the praecipe filed with the Board was also enclosed in the letter to the appellees' attorney. The affidavit of her first mentioned attorney further shows that the letter to the appellees' attorney was properly stamped and bore the sender's return address, but that the letter was never returned to him. We set out the substance of the affidavit of her said other attorney as follows: It was in effect that he is one of the attorneys for the appellant in the above entitled cause; that subsequent to the 28th day of September, 1935, the date of the letter referred to in the affidavit of her first mentioned attorney, he personally talked to the attorney for the appellees in the above entitled cause and was informed by said attorney that he had received the letter and copy of the praecipe referred to in the affidavit of the appellant's said first attorney in due course of time through the United States mails and prior to the filing

of the transcript herein in this court and, that he had complete knowledge from thenceforth that said appeal was being taken and that the transcript had been duly filed in the office of the clerk of the Appellate Court of Indiana in the process of taking an appeal from the award of the Industrial Board of Indiana.

The most that can be said for the showing made by the appellant as to the notice served below upon appellees' attorney is that it was made by mail only, as shown by the two affidavits above mentioned.

We seriously doubt that the form and substance of the alleged notice is sufficient, but we do not need to decide that question. If it should be taken for granted that the form and substance of the alleged notice is sufficient there still remains the question as to the manner of its service, to wit: By mail. This court held in the case of *Chicago, Lake Shore and South Bend Railway Company* v. *Sanders* (1917), 63 Ind. App. 586, 114 N. E. 986, that service of notice of a vacation appeal cannot be given by depositing such notice in the mail, registered and addressed to the appellee's attorney, since service of notice, unless otherwise provided by law, means personal service of the individual in such a way that the party who makes the service may be in a position to make proof thereof in court. In the case just cited there was no question made as to the form or substance of the notice or of its receipt by the appellee's attorney, but the appeal was dismissed solely on the ground that such a notice can not be served by mail. We feel bound by that decision. It has never been in any way modified. We must hold, under the authority of the case just cited, that no notice in the instant case was served upon the appellees' attorney in the manner required by law. It is not contended by the appellant that any notice was served below upon the appellees personally. See Sections 2-3206 and 2-1637, Burns 1933,

sections 482 and 286, Baldwin's 1934. The appeal, therefore, must be dismissed unless the appellant can avail herself of a purported notice served upon the appellees out of this court after the transcript was filed. On December 6, 1935, the appellant filed a praecipe for the clerk of this court to issue notice to the appellees. In obedience to the praecipe the clerk issued a notice, which was later served upon the appellees. But this being a vacation appeal in an Industrial Board case, such service of notice amounts to nothing. We quote from the case of *Thompson* v. *A. J. Thompson Stone Co.* (1924), 81 Ind. App. 442, 451, 144 N. E. 150, as follows: "We, therefore, hold that a vacation appeal from an award of the Industrial Board can only be taken by the service of a notice on the appellee or his attorney before the board . . . and thereafter filing the transcript and assignment of errors with the clerk of this court within thirty days from the date of the award, and that such appeal cannot be taken and perfected by first filing the transcript with the clerk and thereafter causing notice to be issued and served on the appellee.

"The appeal is therefore dismissed for want of jurisdiction."

The appellant has filed a petition to be allowed to amend her briefs so as to set forth the said praecipe and notice served out of this court, but since such service of notice is a nullity, no purpose would be accomplished by granting the petition. It is therefore denied.

For the failure of the appellant to bring the appellees into court, this court is without jurisdiction except to order a dismissal.

Appeal dismissed.