BOARD OF COMMISSIONERS OF MORGAN COUNTY *v.* STATE EX REL. MOULTON ET AL.

[No. 16,277. Filed October 21, 1938.]

*Van W. Whiting,* for appellant.

*John R. Walsh* and *Gilbert W. Butler,* for appellees.

PER CURIAM—Appellees have appeared specially and filed a motion to dismiss this appeal. One of the grounds of the motion is that this is a vacation appeal and that notice of appeal was given to the appellees only by leaving notices in writing at the office and at the residence

of appellees' attorney, which was done by appellant's attorney.

No other notice of appeal was served upon appellees or any of them. It is apparent that appellant attempted to give an "unofficial" notice of appeal, i.e., a notice which need not be served by an officer. Sec. 2-3206 Burns 1933, §482 Baldwin's 1934, provides for such notice of appeal. It authorizes "service of an (unofficial) notice in writing, on the adverse party or his attorney." It does not authorize service of such notice by leaving it at the residence or office of the adverse party or his attorney. (See *Chi., etc., Rwy. Co.* v. *Sanders* (1917), 63 Ind. App. 586, 114 N. E. 986.)

We note that Sec. 2-3206 Burns (§482 Baldwin's), *supra,* contains an amendment (of 1933) to Acts of 1881, ch. 38, Sec. 635 (Sec. 681 Burns 1914) ; which was referred to in *Chicago, etc., Rwy. Co.* v. *Sanders, supra*— but the amendment did not refer to the "unofficial" notice provided by Sec. 681 Burns 1914, *supra.*

We therefore hold that service of an "unofficial" notice of appeal upon the attorney for the adverse party by leaving a copy thereof at the residence and office of the attorney is not an effective notice of appeal.

This case having been on the docket of this court since July 29, 1938, and the notice which was given having proven ineffectual, and no steps having been taken since this case has been on our docket, to bring the appellees into court, the appeal is dismissed under Rule 31 of this court.

Appeal dismissed.