BARTON v. JACKSON. (No. 8297.)

(Court of Civil Appeals of Texas. Ft. Worth. Dec. 18, 1915.)

1. JUSTICES OF THE PEACE ⟨Key⟩127 — SETTING ASIDE VOID JUDGMENT.

A justice's judgment being void, he can set it aside at any time; the statutes prescribing the conditions on which a justice may set aside a judgment and grant a new trial having no application.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. § 401; Dec. Dig. ⟨Key⟩127.]

2. JUSTICES OF THE PEACE ⟨Key⟩127 — SETTING ASIDE JUDGMENT—FURTHER PROCEEDINGS.

A justice having rightfully set aside a judgment by default, the case is properly before him for further proceedings.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. § 401; Dec. Dig. ⟨Key⟩127.]

Appeal from Denton County Court; Fred M. Bottorff, Judge.

Action by Shell Jackson against E. C. Barton for injunction. Judgment for plaintiff, and defendant appeals. Judgment vacated, and suit dismissed.

Robt. H. Hopkins, of Denton, for appellant. Luther Hoffman and Sullivan & Hill, all of Denton, for appellee.

DUNKLIN, J. E. C. Barton, justice of the peace of precinct No. 2, Denton county, has prosecuted this appeal from a final judgment in favor of Shell Jackson perpetually enjoining appellant, as such justice of the peace, from issuing any process for the enforcement of a judgment rendered by him against Jackson in favor of one J. F. Biggerstaff in cause No. 723 in said justice court, also restraining the justice of the peace from again trying that suit or entering any further order pertaining thereto. No statement of facts is contained in the record before us; but, according to the allegations in Jackson's original petition, the suit in the justice court was for forcible entry and detainer instituted by Biggerstaff against Jackson, and judgment was rendered in plaintiff's favor by default, in defendant's absence, without any answer from him, without proof, at a special term of the court and not on the first day of the regular term to which the service upon defendant was returnable. Jackson alleged that by reason of those facts the judgment against him was void. After service of a temporary writ of injunction upon him restraining him from issuing a writ of restitution on that judgment, the justice of the peace filed an answer admitting that the judgment was void, and alleging that he had since set it aside, and had reset the case for trial. By supplemental petition in reply to the answer, Jackson admitted that the judgment had been set aside, but alleged that such order was made in the absence of any motion for a new trial or appeal, some 12 days after the date of judgment when the justice had lost jurisdiction over the case and was without legal authority to vacate the judgment. By reason of those facts, Jackson contended that the judgment by default was final, and he prayed that upon final hearing the justice be perpetually restrained, not only from issuing process upon the judgment, but also from taking any further action or making any further orders in the case.

[1] If the judgment was void, as contended by both parties, then the same was a nullity and could be set aside at any time; and the statutes prescribing the conditions under which a justice may set aside a judgment and grant a new trial have no application. This is a well-settled rule as shown by our decision in G. C. & S. F. Ry. v. Wilshire, 178 S. W. 43, and authorities there cited. See, also, Milam County v. Robertson, 47 Tex. 222.

[2] The justice having rightfully set aside the judgment by default, the case is properly before him for further proceedings, and the final judgment of the county court perpetually restraining him from taking any further cognizance of the case was erroneous.

Accordingly, the judgment from which this appeal is prosecuted is vacated, and the suit is dismissed.