WILLIAM G. PAUL, Respondent, v. MARY W. GREEN, Appellant.

(191 N. W. 469.)

**Process — affidavit for service of notice by publication held insufficient.**

Where an affidavit for publication states that defendants are not residents of this state; that they reside in the county of Hennepin and state of Minnesota; that the affiant does not know and is unable to ascertain the particular place of residence or postoffice address of the said defendants, or either of them, and where no copy of the summons and complaint was mailed or served upon defendants, it is *held*, that such affidavit does not comply with the statutory prerequisites, §§ 7428, 7430, Comp. Laws, 1913, and that service based thereupon is invalid.

Opinion filed December 19, 1922.

Process, 32 Cyc. p. 475 n. 99.

Action upon a tax deed to determine adverse claims, in District Court, Sheridan County; *Nuessle, J.*

Defendant has appealed from an order refusing to vacate a default judgment.

Reversed and remanded.

*McGee & Goss,* for appellant.

The power to set aside judgments obtained by fraud is not dependent upon § 7483, but is inherent in all courts of record. Hence, the district court had power to vacate the judgment, notwithstanding that more than one year had elapsed after defendant had notice thereof.

Note.—On failure of affidavit for publication of summons to state facts required by statute as subjecting the judgment to collateral attack, see note in 25 A.L.R. 1258; 21 R. C. L. 1295; 3 R. C. L. Supp. 1224; 5 R. C. L. Supp. 1178.

Ryckowski v. Benz, 178 N. W. 284; Black, Judgm. § 321; Williams v. School Dist. 21 N. D. 198; Whittaker v. Warren (S. D.) 86 N. W. 638.

The same thing is adjudicated in Sharry v. Eszlinger (N. D.) 176 N. W. 938; Tuttle v. Tuttle, 181 N. W. 888.

This court has held under Atwood v. Tucker, 26 N. D. 622, that any qualification whatever of the required statutory statement voids it and renders service thereon invalid. It was there held that "defendant's last-known postoffice address is unknown," was insufficient and not synonymous with the statement "that the residence of the defendant was unknown." The following is from the opinion: "The fact that the plaintiff may have known the place of the defendant's residence and still have been able to truthfully declare on his oath that 'defendant's last-known postoffice address is unknown,' in itself is enough to condemn the affidavit as invalid as a substantial departure from statutory requirements." Ruby v. Pierce (Neb.) 104 N. W. 1142; Madison County Bank v. Shuman, 79 Mo. 527; 17 Enc. Pl. & Pr. 58; Minnesota Threshing Mfg. Co. v. L'Hedreux (Neb.) 118 N. W. 565; Simensen v. Simensen, 13 N. D. 305, 100 N. W. 708; Galbraith v. Teufel, 15 N. D. 152, 107 N. W. 49.

The county auditor issued this deed without requiring any compliance for the filing of proof in his office of the provisions of our statute above quoted. Under the statute and the decisions of this court, the deed is void and a mortgagee may maintain this action. 26 R. C. L. 430; 37 Cyc. 1385, B; Bank v. Martin, 29 N. D. 269, L.R.A.1915D, 432, 150 N. W. 572.

*Harry E. Dickinson,* for respondent.

### Statement.

BRONSON, J. Defendant Green appeals from an order refusing to vacate a default judgment. The facts, necessary to be stated, are: 160 acres of land in Sheridan county are involved. Plaintiff holds a tax deed thereon issued for default, in payment of taxes levied in 1915. Defendant Green holds an unpaid mortgage thereon for $1,000 made in 1910. Plaintiff instituted an action to determine adverse claims. Defendant Green, one Fulmer, one Burkhart, a lumber company, and other persons unknown were named as defendants. Personal service

was made upon the lumber company. Service upon the other defendants was had by publication. The material portions of the affidavit for publication read:

"Wm. G. Paul, being first duly sworn, says that he is the plaintiff in the above-entitled action; that the defendants D. M. Fulmer, Mary W. Green, and Martin Burkhart, are not residents of this state; that they reside in the county of Hennepin and state of Minnesota; that the affiant does not know and is unable to ascertain the particular place of residence, or postoffice address of the said defendants or either of them."

The summons with notice of no personal claim was published six weeks, from July 23d, 1920, to August 27th, 1920, inclusive. A copy of the summons and complaint was not mailed nor served upon defendant Green. On August 18th, 1920, plaintiff's attorney made an affidavit of no answer by any of the defendants. Pursuant thereto, on October 27th, 1920, the trial court made its findings of fact and conclusions of law quieting title in plaintiff, free from any claim or lien by defendants. Accordingly, on October 29th, 1920, judgment was so entered. In February, 1922, pursuant to an order to show cause issued, defendant made a motion to vacate the default judgment. She presented to the court affidavits and a proposed answer wherein she explained her failure to pay taxes or to appear by reason of lack of notice. She attacked the validity of the tax deed and of the service by publication. She offered to make payment of the unpaid taxes and requested foreclosure of the mortgage subject to plaintiff's lien for taxes. The court made its order denying such motion. Plaintiff has appealed therefrom.

Among other grounds, defendant challenges the validity of the summons served by publication upon the defendant.

## Decision.

We are of the opinion that defendants' contention concerning the service of the summons must be upheld and, therefore, this is the only question upon this appeal necessary to decide. Section 7428, Comp. Laws, 1913, provides for service by publication when defendant is not

49 N. D.—21.

a resident of the state. In such case it requires plaintiff to file an affidavit stating the place of defendants' residence, if known to the affiant, and, if not known, stating that fact. Section 7430, Comp. Laws, 1913, requires that a copy of the summons and complaint must, within ten days after the first publication of the summons, be deposited in some postoffice in this state, postage prepaid, and directed to the defendant, to be served at his place of residence unless the affidavit of publication states that the residence of the defendant is unknown.

It is well settled in this state that proceedings for securing service by publication must strictly comply with statutory provisions therefor. Roberts v. Enderlin Invest. Co. 21 N. D. 594, 132 N. W. 145; Atwood v. Tucker (Atwood v. Roan) 26 N. D. 622, 626, 51 L.R.A.(N.S.) 597, 145 N. W. 587; Johnson v. Engelhard, 45 N. D. 11, 176 N. W. 134. Thus, an affidavit for publication which states that the whereabouts of defendant are unknown is insufficient. Krumenacker v. Andis, 38 N. D. 500, 165 N. W. 524. It will be noted that the affidavit in question states that defendants reside in the county of Hennepin and state of Minnesota. Necessarily, this presumes some knowledge by plaintiff of the residence of the defendants, and each of them. But plaintiff then states that he does not know and is unable to ascertain the *particular* place of residence, or postoffice address of defendants. The purpose of the statute is clear. Its language is definite. It requires the affidavit for publication to state the place of defendants' residence, it known, and if known to mail a copy of the summons and complaint to the defendant so that notice may be given direct. If defendants' residence is not known the statute requires such fact to be stated. The statute may not be construed to serve purposes of equivocation or to set aside rules of diligence that are required in ascertaining the residence of defendants preliminary to serving by publication. It is evident that one might know the residence of a particular defendant to be in Grand Forks or in Bismarck and yet not know the particular place of such defendant's residence. Yet, pursuant to plaintiff's affidavit and his contention, such an affidavit should be held sufficient because he did not know the particular place of residence of such defendant either in Grand Forks or Bismarck. It is sufficient to say that the affidavit does not comply with the statute, and that service predicated thereupon was invalid.

The order is reversed and the cause remanded for further proceedings with costs.

Birdzell, Ch. J., and Robinson, Christianson, and Grace, JJ., concur.