## G. B. MILLER, Appellant, v. RAY BENECKE
### and
## MINNEAPOLIS, ST. PAUL & SAULT STE MARIE, RAILWAY COMPANY, a Corporation, Respondent.

(212 N. W. 925.)

**Courts — justices of the peace — garnishment — disclosure — second summons.**

1. In a garnishment action in a justice of the peace court a disclosure by the garnishee of property or money in his possession or under his control is necessary before an application can be made for a second summons.

**Process — affidavit for service by publication.**

2. An affidavit for substituted service by publication in the language of the statute, but which is qualified by the statement "that this affiant has been informed that the postoffice address of said defendant is or will be Detroit," is insufficient and the publication of summons is no service.

**Garnishment — validity of judgment.**

3. The validity of a judgment against a garnishee depends upon a valid judgment against the defendant.

---

Annotation.—(3) Necessity of valid judgment against defendant, see 12 R. C. L. 823; 4 R. C. L. Supp. 769.

(4) Power of court to vacate void judgment at any time, see 15 R. C. L. 692; 5 R. C. L. Supp. 847; 6 R. C. L. Supp. 927.

**Judgment — void judgment may be vacated any time.**

4. A motion may be made at any time, in any court, to vacate a void judgment.

Opinion filed March 24, 1927.

Garnishment, 28 C. J. § 482 p. 319 n. 68.   Judgments, 34 C. J. § 486 p. 257 n. 89.   Justices of the Peace, 35 C. J. § 208 p. 605 n. 38 New; § 209 p. 605 n. 42. Process, 32 Cyc. p. 467 n. 25; p. 480 N. 39.

Appeal from the District Court of Ransom County, *McKenna,* J. Modified.

*J. V. Backlund,* for appellant.

If the justice court had no authority or power to grant relief, then the district court acquires no jurisdiction, on appeal, to try the action anew on issues raised in the lower court.   Vidger v. Nolin, 10 N. D. 353.

If the court has jurisdiction of the principal suit, the garnishee can inquire no further, for no error or irregularities therein will in any manner impair the protective force of the garnishment judgment. Atwood v. Tucker, 26 N. D. 622, 145 N. W. 587.

*Charles G. Bangert* and *T. A. Francis,* for respondent.

"It is elementary that where constructive service of summons is had the statute governing it must be strictly complied with."   Atwood v. Tucker, 26 N. D. 622, 145 N. W. 587.

"Garnishee proceedings are special and statutory, affording a harsh remedy, and one pursuing it must bring himself within the statute and follow its mandates."   Warner Coal Co. v. Nelson (Mich.) 169 N. W. 852.

"A garnishee defendant's failure to appear in garnishment proceedings whereby default is taken against him is not a waiver of his right to insist upon compliance with the statute."   28 C. J. 340.

"Where the defendant in an action of attachment or garnishment is not personally served and does not appear, the court is without power —without jurisdiction—to render a personal judgment against the non-resident defendant."   Joseph v. Huffman, Ann. Cas. 1914A, 720.

"The rule allowing a judgment to be attacked in direct proceedings when void for want of jurisdiction by reason of no service of the sum-

mons applies to all judgments whether foreign or domestic." Phelps v. McCollam, 10 N. D. 536.

BURKE, J.   On the 11th day of June, 1926, the plaintiff B. G. Miller, brought an action against Ray Benecke, before Fred Underwood, police magistrate, of the city of Enderlin; and at said time, a garnishment summons was issued and served upon the Minneapolis St. Paul and Sault Ste. Marie Railroad Company, returnable on the 21st day of June, 1926.

On the 19th day of June the said railroad company, by its agent, filed an affidavit alleging, that said railroad company was indebted to the defendant in the sum of $29.15 and no more.   No personal service was made upon the defendant, but on the 21st day of June, the return day, the plaintiff filed a sworn complaint, in which it is alleged, that the affidavit for garnishment and garnishment summons was served upon the said railroad company, that said garnishee had disclosed an indebtedness to the defendant in the sum of $29.15, and that plaintiff's claim herein, is a first lien upon such property.

On the said date the plaintiff filed an affidavit for an order for service by publication which is in the statutory form, with this additional statement:   "That this affiant has been informed that the post-office address of said defendant is, or will be Detroit, Michigan," upon the said complaint and affidavit a second summons was issued, in which it is alleged, that the plaintiff is demanding that so much as may be necessary of a certain indebtedness disclosed by the said railroad company be applied toward the payment of said sum (plaintiff's claim) and the cost and disbursements.   On this summons the police magistrate made an order for service by publication in the Enderlin Independent once each week for three successive weeks·

Thereafter on the tenth day of July, a second affidavit for garnishment and summons was served upon said railroad company, and on the return day, as provided in said second summons, judgment was entered against the railroad for the sum of $99.59.   Thereafter on the 12th day of October, 1926, the said railroad company moved the court to set aside the judgment entered on the 19th day of July, 1926, upon affidavits and the record of said court, claiming that the action of said police magistrate was without jurisdiction and void, motion was over-

ruled and upon appeal to the district court the judgment was reduced to $20.15, the amount disclosed by said railroad as an indebtedness to the defendant, judgment was duly entered, and plaintiff appeals.

There was no personal service on the defendant, and service by publication can only be made as provided in § 9027, Comp. Laws 1913. Under this section, "service by publication may be made in an action in which a garnishment summons has been issued and served within the county and the *garnishee therein has disclosed property or money in his possession, or under his control due or belonging to the defendant.*" There must be a disclosure of property or money in the possession of the garnishee or under his control due or belonging to the defendant. That is the first requisite, or condition precedent. Second, the summons must be returned not served. Third, within the time specified for answering in the summons the plaintiff may apply for a second summons. Fourth, the application must be made on a verified complaint alleging the garnishment proceedings relied on and demanding that the property be applied to the satisfaction of his claim. Fifth, the complaint must be supported by an affidavit stating that to the best knowledge, information and belief of the person making it, personal service of the summons cannot be made upon the defendant within the state and stating his postoffice address or the fact that the same is not known. Sixth, the summons must be substantially in the form provided in said section, filling in blanks according to the facts, and a sufficient statement of the particular property in question. Seventh, a copy must be mailed to the defendant at his postoffice address, unless it is stated in the affidavit that his address is unknown.

It is well settled in this state, that the statute providing, that service of summons may be made by publication must be strictly construed and followed, or the court acquires no jurisdiction.

In the case of Hughes v. Fargo Loan Agency, 46 N. D. 26, 178 N. W. 993, this court held "that an affidavit alleging that the defendants are nonresidents of the state, and the present postoffice address of Edward Grounitz is Colbert, Washington," and the present postoffice address of Clara Hall, is Spokane, Washington, was fatally defective and conferred no jurisdiction on the court and that the personal service of the summons and complaint without the state did not cure the defect in the affidavit for publication.

In the case of Paul v. Green, ·49 N. D. 319, 191 N. W. 469, the affidavit was much like the affidavit in the case at bar. It stated that the defendants are not residents of ·this state, that they reside in the county of Hennepin, and state of Minnesota, that the affiant does not know, and is unable to ascertain the particular place of residence, postoffice address, of the said defendants or either of them. The court said : "It will be noted that the affidavit in question states that the defendants reside in the county of Hennepin and state of · Minnesota, necessarily this presumes some knowledge by the plaintiff of the residence of the defendants, and each of them. But the plaintiff then states, that he does not know, and is. unable to ascertain the particular place of residence or postoffice address of the defendants.

"The purpose of the statute is clear, its language is definite. It requires the affidavit for publication to state the place of defendant's residence, if known, and if known to mail a copy of the summons and complaint to the defendant so that notice may be given direct. If defendant's residence is not known the statute requires such fact to be stated. The statute may not be construed to serve the purpose of equivocation, or 'to set aside rules .of diligence that are. required in ascertaining the residence of defendants preliminary to serving by publication."

In the case of Atwood v. Tucker (Atwood· v. Roan) 26 N. D. 622, 51 L.R.A.(N.S.) 597, 145 N. W. 587, this court held: that the affidavit stating the last known postoffice address of defendant is unknown, was insufficient.

In the case at bar, like the case of Paul v. Green, supra, the affiant had information of the postoffice address of the defendant. He states, this affiant has been informed that the postoffice address of said defendant is, or will be Detroit, Michigan. This statement is in conflict with that part of the affidavit which alleges that the postoffice address of said defendant is unknown to .the affiant, and it was his duty to follow up the information, so that the summons could be mailed to the defendant as provided by law.

It is clear that the affidavit is insufficient, and that the judgment rendered against the defendant and the garnishee by default is void and of no effect.

The issues before the trial court, as set forth by appellant in his brief, are as follows:

"First: Did the justice court have the authority and power to vacate, set aside, and strike from the records the judgment entered on the 19th day of July, 1926, upon the motion of the garnishee made more than thirty days after the entry of such judgment?

Second: Did the justice court have the authority and power to strike from the records and to hold null and void the garnishment summons issued on the 10th day of July, 1926, upon the motion of the garnishee made more than thirty days after the entry of a judgment upon which the writ of garnishment summons was the basis, the motion having been made on October 12, 1926?

Third: Did the district court acquire jurisdiction, upon the appeal, to try the issues anew, or to pass upon a question that the justice court had no jurisdiction over?

Fourth: Did the justice court have the authority and power to issue a second garnishment summons against the same garnishee, where said garnishee had made a disclosure, and no issue is raised on such disclosure, and made within the period limited?

Fifth: If, while second summons is being published to obtain substituted service upon the defendant, may additional property of the defendant be reached by garnishment without the need of again getting substituted service by additional publication and after disclosure under the second garnishment summons? Or in other words, must a disclosure be made after each garnishment, and substituted service acquired thereafter?"

Briefly, the questions before the trial judge were, did the justice of the peace have jurisdiction to hear the motion made more than thirty days after the entry of judgment, and did the district court acquire jurisdiction if the justice court had no jurisdiction? The other questions do not involve the jurisdiction of the district court. It is the contention of appellant, that the motion to set aside the judgment must under § 9098, Comp. Laws 1913, be made within thirty days after the entry of judgment. This section provides: "The court may relieve either party from a judgment against him by reason of 'his failure to appear or plead or amend." That is, any party who fails

to appear, or plead, or amend must apply within thirty days after the entry of judgment and show good cause why the judgment should be vacated, because of his failure to appear, or plead, or amend. He may have been sick and unable to appear, he may have been unable to get certain facts necessary before he could amend, or before he could plead. This all contemplates that he has been served with summons, and that the court has jurisdiction over him to render the judgment from which he seeks to be relieved. If he has not been served with summons he is not required to appear or plead, or amend. The court has no jurisdiction over him and that section does not apply in such a case. In such case the judgment is absolutely void, and is in fact, no judgment. The justice court has jurisdiction to set aside a void judgment at any time.

Freeman on Judgments, § 1260, vol. 3, p. 2622, states the rule as follows: "Inferior tribunals, such as justice of the peace courts, in the absence of statutory authority cannot set aside their judgments for any reason, except in case of a judgment wholly void, as where there was no jurisdiction of the person of the defendant, in which event, being a mere nullity, it is entitled to no consideration and may doubtless be stricken from the record. American Type Founders' Co. v. Justice's Ct. 133 Cal. 319, 65 Pac. 742, 978; Chapman v. Floyd, 68 Ga. 455; Moore v. Hoskins, 66 Miss. 496, 6 So. 500; Clubine v. Merrill, 83 Or. 87, 163 Pac. 85; Barton v. Jackson, — Tex. Civ. App. —, 182 S. W. 365. See Fontaine v. Bergen, 55 Ga. 410, that such a judgment may be disregarded as a nullity though it can be formally vacated."

In § 36 Cal. Jur. 501, the rule is stated: "But even in the absence of statute, justice of the peace courts have inherent power to amend their own records so as to make them speak the truth with respect to the actual records made, and to set aside a judgment which is void upon its face. Since in contemplation of law a judgment which by mere inspection of the record is shown to be void is no judgment at all, an order setting it aside may be said to be nothing more than a correction of the docket. Newman v. Barnet, 165 Cal. 423, 132 Pac. 588; American Type Founders Co. v. Justice's Ct. 133 Cal. 319, 65 Pac. 742, 978; Shriver v. Superior Ct. 48 Cal. App. 576, 192 Pac. 124;

Roberts v. Justice's Ct. 29 Cal. App. 768, 157 Pac. 511; Newman v. Barnet, 165 Cal. 423, 132 Pac. 588, per Lorigan, J."

1 Freeman, Judg. § 273, p. 542:.

"Where a judgment is void on its face or the entry of what purports to be a judgment was wholly unauthorized, it is the right and duty of the court to strike it from the records and it may do this of its own motion with or without suggestion from other persons. No notice, motion or application is necessary to authorize such action. So during the term as we have already seen, a judgment remains within the power of the court rendering it, which may change or vacate it without request from the parties."

According to the great weight of authority, there is an inherent power in courts to vacate and set aside a judgment void on its face. Section 266, Freeman on Judgments, vol. 1, p. 442, states:

"It is a universally recognized rule that a judgment which is absolutely void may be vacated by the court in which it was rendered. And the court may strike from the judgment any portion of it which is wholly void. In a case in South Carolina, the court asked itself this pertinent question: 'Should the court whose process is abused by an attempt to enforce a void judgment interfere, for its own dignity and for the protection of its officers, to arrest further action?' and answered itself by saying: 'Certainly, on proper application.' "

The question as to whether the order of the justice of the peace overruling plaintiff's motion to set the judgment aside is appealable, was not raised or argued in the district court, nor in this court, the sole question of jurisdiction came up on the failure of the plaintiff to make the motion under the statute within thirty days from the time of the entry of the judgment. The statute, however, does not apply to a void judgment, and it was assumed, that if the justices of the peace had jurisdiction to hear the motion, that the district court had jurisdiction to hear it on appeal. That was in effect a consent to the jurisdiction and the parties are bound by it. Minneapolis, St. P. & S. Ste. M. R. Co. v. Stutsman, 31 N. D. 597, 154 N. W. 654; Lobe v. Bartaschawich, 37 N. D. 572, 164 N. W. 276; Brissman v. Thistlethwaite, 49 N. D. 417, 192 N. W. 85.

The judgment of the justice of the peace being absolutely void, it is therefore ordered that it be, and is, hereby set aside, and declared of

no effect, and the judgment of the district court is modified accordingly.

BIRDZELL, Ch. J., and BURR, CHRISTIANSON, and NUESSLE, JJ., concur.