[File No. 6185.]

FIRST NATIONAL BANK OF COOPERSTOWN, a Corporation, Appellant, v. HATTIE YOUNG, Respondent. GRIGGS COUNTY FARMERS MUTUAL FIRE AND LIGHTNING INSURANCE COMPANY, Garnishee.

(249 N. W. 771.)

Opinion filed July 29, 1933.

*M. W. Duffy,* and *McIntyre & Burtness,* for appellant.

*Lemke & Weaver,* for respondent.

PER CURIAM. This is an appeal from a judgment dismissing a garnishment action. The principal action was one to recover on a promissory note executed by the defendant and her deceased husband. The garnishee interposed an affidavit admitting liability to the defend-ant. The defendant interposed an answer in the garnishment action asserting that a certain portion of the monies in the possession of the garnishee belong to a third party; and that the remainder of such monies are exempt. The issues thus formed were tried to the court and resulted in findings and conclusions in favor of the defendant. Judgment was entered accordingly and the plaintiff has appealed.

On the oral argument plaintiff's counsel stated that the defendant had died after the appeal had been taken, and suggested that the disposition of the cause be stayed until an administrator of her estate be appointed. Plaintiff's counsel further suggested that in view of the death of the defendant the question whether the monies were exempt

had become immaterial, and that there remained no necessity for determining the questions that were tried in the garnishment suit.

But there is another question not presented by counsel which, nevertheless, clearly arises upon the record, and is decisive of the case. The record transmitted on appeal discloses that the defendant interposed an answer in the principal action wherein she denied liability upon the note. The record does not disclose that the principal action has been tried; and upon the oral argument it was admitted by counsel for both parties that the principal action has not been tried and, consequently, that no judgment has been rendered therein. In the concluding paragraph of the written brief appellant's counsel say:

"In conclusion we submit that the order and judgment appealed from should be reversed and the lower court directed to enter judgment to the effect that the $850.00 representing the proceeds of insurance on the household goods and furniture be held subject to such judgment as the plaintiff may secure against the defendant Hattie Young in the principal action, and that the garnishee in this action hold such money awaiting such judgment as shall be entered in such main action."

In these circumstances the district court was not warranted in hearing the garnishment action or rendering judgment therein. Section 7581, Comp. Laws 1913 provides: "When the garnishment is not in aid of an execution no trial shall be had of the garnishee action until the plaintiff shall have judgment in the principal action."

Garnishment is a statutory action and a party who invokes this remedy, and seeks to obtain a judgment therein must bring himself within the statute and follow its mandates. W. H. Warner Coal Co. v. Nelson, 204 Mich. 317, 169 N. W. 852. The plaintiff instituted both the main action and the garnishment action. The defendant appeared and interposed an answer in the garnishment action. This the statute authorized her to do. Comp. Laws 1913, § 7580. It was a condition precedent to the right of the plaintiff to proceed with the trial of the garnishment action that it first obtain a judgment in the main action. Comp. Laws 1913, § 7581. See also Miller v. Benecke, 55 N. D. 231, 212 N. W. 925; 28 C. J. 319. In short, it was incumbent upon the plaintiff, if it desired to proceed to trial with the garnishment action and obtain a determination of the issues raised therein, that it first obtain a judgment in the main action. This the plaintiff failed to do.

In the circumstances the taxable costs incurred upon the trial and those incident to the appeal are properly chargeable against the plaintiff. Accordingly the judgment is reversed and set aside, and the cause is remanded for further proceedings conformable to law. Either party may apply for a substitution of party defendant, if and when an administrator of the estate of Hattie Young, deceased, is appointed. If, after such substitution, the garnishment action proceeds to judgment, all costs,—except those incident to the trial and those incident to the appeal,—will abide the final determination of the action and be allowed to the prevailing party as provided by law.

Nuessle, Ch. J., and Burr, Birdzell and Burke, JJ., concur.

Christianson, J. did not participate.