[File No. 6246.]

MYRTLE SCHOOL DISTRICT NO. 8, a Public Corporation, Respondent, v. JOHN BISCHOF, M. J. Ruemmele, L. E. Giedt and J. H. Jenner, Defendants,

and

McINTOSH COUNTY FARMERS PRESS, a Corporation, Franz Shubeck and Andrew Ottenbacher, Garnishees,

FRANZ SHUBECK and Andrew Ottenbacher, Appellants.

(256 N. W. 374.)

Opinion filed September 25, 1934.

*Jacobsen & Murray* and *Franz Shubeck,* for appellants.

*Max A. Wishek* and *J. A. Heder,* for respondent.

NUESSLE, J. This is an appeal by the garnishees Shubeck and Ottenbacher, from a judgment adjudging certain corporate stock in their possession to be the property of the defendants, and from an order

denying their motion for judgment notwithstanding the verdict or in the alternative for a new trial.

The plaintiff sued to recover upon a depositary bond whereon the defendants were sureties. It garnisheed the McIntosh County Farmers Press, a corporation, Franz Shubeck, and Andrew Ottenbacher. The garnishees Shubeck and Ottenbacher answered, denying liability, but alleging that they had in their possession certain corporate stock which had been delivered to them by the defendants Bischof and Ruemmele as security for certain indebtedness owed by the latter to the garnishees. Plaintiff took issue on these answers. In the main action the defendants defaulted. At the time the garnishment actions were brought to trial, a conference was had between the court and counsel for the plaintiff, the defendants, and the garnishees. At that time it was agreed that the defendants had defaulted and that there was no question as to the amount and validity of the claim of the plaintiff as against the defendants. The court thereupon stated he would order judgment for that amount. Owing, however, to the illness of one of the attorneys for the defendants, no further steps were then taken in that behalf. After this conference between the court and counsel, the garnishment action proceeded to trial to a jury. Counsel for the garnishees offered no objection and made no point that judgment had not been entered in the main action.

The plaintiff's theory was that the shares of stock held by the garnishees in fact belonged to the defendants, to whom they were issued; that the alleged pledges were after-thoughts and spurious, made in bad faith for the purpose of retaining control of the corporation which issued the stock. On the other hand, the garnishees contended that the transactions through which they had obtained possession of the stock, were entered into in good faith; that the indebtedness was real; and that the pledges made to them were bona fide. On the issues as thus made the case was tried. Plaintiff sought to establish his case by cross-examination of the garnishees. He called them for cross-examination under the statute. No other witnesses were called by him. The garnishees were also examined in their own behalf. Their testimony was to the effect that the defendants, Bischof and Ruemmele, owned 109 shares of stock in the McIntosh County Farmers Press. Fifty-nine shares of the stock were pledged by Ruemmele to Shubeck as security

for an indebtedness of $2,500, represented by two notes for $1,000 each, and an account of $500 for legal services performed. Fifty shares of the stock were pledged by written pledge to Ottenbacher by Bischof as security for a debt of $550 for money loaned, and an account for goods, wares and merchandise. The testimony of these witnesses was vague and unsatisfactory. They were uncertain in their statements and contradicted themselves in some respects.

The shares on which Shubeck claimed a lien by pledge were never transferred to his name on the books of the corporation but at all times stood in the name of Ruemmele. The shares on which Ottenbacher claimed a lien by pledge were, subsequently to the service of the garnishment summons upon him, transferred to his name on the books of the corporation.

At the close of the whole case the garnishees moved for a directed verdict on the ground that the evidence was insufficient to warrant a verdict for the plaintiff. The plaintiff resisted this motion and it was denied. The case was submitted to the jury on instructions which fully covered the issues. The court charged that unless the jury found that the alleged pledge transactions were not entered into in good faith, their verdicts must be for the garnishees, but that if they did find that the transactions were not in good faith, then and in that event they must find for the plaintiff. Verdicts were returned for the plaintiff and judgment was entered thereon.

Thereafter the garnishees moved for judgment notwithstanding the verdicts, or in case such motion should not be granted, for a new trial on the ground that the evidence was not sufficient to sustain the verdicts as returned, and on other grounds. This motion was denied. Thereupon the garnishees perfected this appeal from the judgment and from the order denying their alternative motion.

But two grounds are urged by the garnishees in support of this appeal. First, that no judgment was entered in the main action until after the trial of the garnishment action was had, and that accordingly, under the statute, § 7581, Comp. Laws 1913, the trial was premature. See First Nat. Bank v. Young, 63 N. D. 667, 249 N. W. 771; Atwood v. Tucker (Atwood v. Roan) 26 N. D. 622, 145 N. W. 587, 51 L.R.A. (N.S.) 597. The statute in question, § 7581, supra, provides: ". . . when the garnishment is not in aid of an execution, no trial shall be

had of the garnishee action, until the plaintiff shall have judgment in the principal action, but the garnishment action may be noticed for trial at the same term if issue therein is joined in time; . . ." The trial court in disposing of this contention referred to the conference between the court and counsel had prior to the trial of the garnishment action and what was said and done thereat. The court held that in view of these proceedings and the fact that the garnishees thereafter went to trial without making any objection on the ground that judgment had not been entered in the main action, they could not raise the point that the requirements of § 7581 had not been complied with. We think this holding of the trial court was proper and warranted. It is true the statute provides that judgment must be entered in the main action before trial in the garnishment action is had. But the defendants had defaulted. The claim against them was conceded. The court had stated that judgment for the amount thereof would be ordered. Subsequently it was ordered and, prior to entry of judgment in the garnishment action, the judgment was entered. Under the circumstances the trial prior to the entry of judgment in the main action must be held to be a mere irregularity, and the garnishees have waived their right to object thereto.

The second contention of the garnishees is that the evidence was not sufficient to sustain the verdict; that the only evidence offered on the trial was that of the garnishees; that there was no contradiction of their testimony with respect to the matters at issue; and that from the whole record it appears there was a bona fide pledge of the stock to the garnishees. This contention was urged below in support of the motion for judgment notwithstanding the verdict or for a new trial. The trial court disposed of it by saying that in his judgment the evidence was sufficient to sustain the verdict. Even if the burden was upon the plaintiff to establish that there was no bona fide transfer of the stock to the garnishees, nevertheless, considering the unsatisfactory condition of the record generally, we are not inclined to disturb this holding. The case was fully and fairly submitted to the jury. The jury must have refused to place credence in the testimony offered by the garnishees for they returned a verdict for the plaintiff. The trial court who had the advantage of hearing and seeing the witnesses refused to

overturn that verdict. Accordingly, we are of the opinion that the judgment and order must be affirmed.

BURR, Ch. J., and MOELLRING, CHRISTIANSON and BURKE, JJ., concur.